IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TASHICA FULTON-GREEN and DANIEL CREVAK, on behalf of themselves and all others similarly situated, | : : : : | CIVIL ACTION |
| *Plaintiffs*, | : : | |
| v. | : : | NO. 18-274 |
| ACCOLADE, INC., *Defendant*. | : : | |

## ORDER

**AND NOW,** this 23rd day of January, 2019, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 19), Plaintiffs' Consent Motion for Approval of Class Action Settlement (Doc. No. 20), the revisions thereto (Doc. No. 20), and a preliminary approval hearing held on December 20, 2018, it is **ORDERED** that:

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 19) is **DEEMED MOOT**;

2. Plaintiffs' Consent Motion for Approval of Class Action Settlement (Doc. No. 20) is **GRANTED** as follows:

3. **Class Certification for Settlement Purposes Only:** For purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the following nationwide class is conditionally certified:

> All current and former Accolade employees whose W-2 data was compromised as a result of the Data Disclosure which occurred on or about January 17, 2017.

And, for purposes of settlement only, the Court provisionally finds that: (a) the Settlement class is so numerous that joinder of all Settlement Class Members would be

1

impracticable; (b) there are issues of law and fact common to the settlement class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class and the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4. **Settlement Class Representatives and Settlement Class Counsel**: The Class Representatives named in Plaintiffs' First Amended Complaint (Docket No. 16) are appointed to serve as Class Representatives for settlement purposes only. John A. Yanchunis of Morgan & Morgan Complex Litigation Group; Bruce Steckler of Steckler Gresham Cochran PLLC; and Charles E. Schaffer of Levin Sedran & Berman are appointed to serve as Settlement Counsel;

5. **Preliminary Settlement Approval**: The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate, and within the range of reasonableness, such that a presumption of fairness is appropriate for the purposes of preliminary settlement approval;

6. **Final Approval Hearing**: A Final Fairness Hearing shall be held on **July 24, 2019 at 2:00 p.m.** in Courtroom 10B to determine whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate

pursuant to Federal Rule of Civil Procedure 23(e); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (f) the motion of Settlement Class Representatives for a Service Award should be approved.

Plaintiffs' Motion for Final Approval of the Settlement, Service Award Request, and Fee Request shall be filed with the Court at least **30 Days prior to the Final Approval Hearing**. By no later than **14 Days prior to the Final Approval Hearing**, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Award Request and Fee Request.

The Fairness Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the Settlement Class;

7. **Notice to the Class**: The Court finds that the proposed notice program is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class.

By **30 days from the date of this Order**, the Settlement Administrator shall initiate the Notice Program, which shall be completed in the manner set forth in Section VI of the Settlement Agreement.

8. **Class Action Fairness Act Notice**: Within 10 Days after the filing of the motion for preliminary approval, the Settlement Administrator shall have served or have caused to be

served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

9. **Settlement Administrator**: The Court appoints Epiq Systems, Inc. as the Settlement Administrator, with responsibility for class notice and claims administration. Defendant shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees.

10. **Claims Referee**: The Court appoints Rodney Max as Claims Referee.

11. The Settlement Claims Process, together with all applicable forms described in the Settlement Agreement, are approved;

12. **Exclusion from Class**: Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked **no later than 120 Days from the date of this Order**. The written notification must include the individual's full name, address, and telephone number; an unequivocal statement that he or she wants to be excluded from the Action; and the original signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this action.

The Settlement Administrator shall provide the Parties with copies of all completed optout notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court **no later than 10 Days prior to the Final Approval Hearing**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is

entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

13. **Objections and Appearances**: A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Plaintiffs' Counsel, and Defendant's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. Pursuant to Fed. R. Civ. P. 23(e)(5)(A), the "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection."

For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 90 of the Settlement Agreement, which is as follows:

    a. the objector's full name, current address, telephone number, and email address (if any);

    b. the Settlement Class Member's original signature;

c. information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (e.g., copy of Notice or copy of original notice of the Data Disclosure);

d. a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable;

e. identification of all counsel representing the objector;

f. whether the objector and/or his or her counsel will appear at the Final Approval Hearing;

g. the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation;

h. a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and

i. copies of any documents that the objecting Settlement Class Member wishes to submit in support of his or her position.

Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve on Class Counsel and Accolade's Counsel) by the

Objection Deadline. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2015 to the present, the results of each objection, any court opinions ruling on the objections, and any sanctions issued by a court in connection with objections filed by such attorney. If the objecting Settlement Class Member intends to request the Court for permission to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least sixty (60) Days before the Final Approval Hearing.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Award Request, or the Fee Request.

14. **Claims Process and Distribution and Allocation Plan**: Settlement Class Representative and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section V of the Settlement Agreement and directs that the Settlement Administrator

effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

15. **Termination of Settlement**: This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of June 5, 2018, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

16. **Use of Order**: This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is

inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

17. **Stay of Proceedings**: Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

18. **Summary of Deadlines**: The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline**: 30 Days after Preliminary Approval

**Motion for Final Approval**: 30 Days before Final Approval Hearing

**Motion for Service Awards, Attorneys' Fees and Costs**: 30 Days before Final Approval Hearing

**Opt-Out Deadline**: 120 Days after Preliminary Approval

**Objection Deadline**: 120 Days after Preliminary Approval

**Replies in Support of Final Approval, Service Awards and Fee Requests**: 14 Days before Final Approval Hearing

**Claim Deadline**: 360 Days after Notice Deadline

**Final Approval Hearing**: 180 Days after Preliminary Approval

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
