## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TASHICA FULTON-GREEN and** | : | |
| **DANIEL CREVAK, on behalf of** | : | **CIVIL ACTION** |
| **themselves and all others similarly** | : | |
| **situated,** | : | |
| *Plaintiffs* | : | |
| | : | |
| **v.** | : | **NO. 18-274** |
| | : | |
| **ACCOLADE, INC.,** | : | |
| *Defendant* | : | |

### ORDER

**AND NOW,** this 23rd day of September, 2019, upon consideration of the Motion for

Final Approval of Class Action Settlement (Doc. No. 33), Plaintiffs' Motion for Attorneys' Fees

(Doc. No. 32), Plaintiffs' Supplement Declaration of Cameron R. Azari, Esq. (Doc. No. 36), and

a Final Approval Hearing held on July 24, 2019, it is **ORDERED** that the Motion for Final

Approval of Class Action Settlement (Doc. No. 33) is **GRANTED** and Plaintiffs' Motion for

Attorneys' Fees (Doc. No. 32) is **GRANTED**. Furthermore, the Court makes the following

findings, as more fully outlined in the accompanying memorandum of law:

1.    The settlement involves allegations in Plaintiffs' First Amended Class Action

Complaint that Accolade failed to safeguard and protect the personally-identifiable information of

its employees and that this alleged failure caused injuries to Plaintiffs and the Class.

2.    The settlement does not constitute an admission of liability by Accolade, and the

Court expressly does not make any finding of liability or wrongdoing by Accolade.

3.    Unless otherwise noted, words spelled in this Order with initial capital letters have

the same meaning as set forth in the Settlement Agreement.

4.      On January 23, 2019 the Court entered a Preliminary Approval Order which among other things: (a) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as Settlement Class Representatives, and appointed Class Counsel; (b) preliminarily approved the Settlement; (c) approved the form and manner of notice to the Settlement Class under the Notice Program set forth in the Settlement Agreement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5.      In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All current and former Accolade employees whose W-2 data was compromised as a result of the Data Disclosure which occurred on or about January 17, 2017.

Excluded from the Settlement Class are (i) all Persons who timely and validly request exclusion from the Settlement Class in accordance with the opt-out procedures set forth in the Settlement Agreement; and (ii) any Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Disclosure or who pleads *nolo contendere* to any such charge.

6.      The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

7.     The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

a.     A process for Settlement Class Members to submit claims for compensation as that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

b.     Defendant to pay all Notice and Claims Administration costs.

c.     Defendant to pay the Court-approved amount for attorneys' fees, costs, and expenses of Class Counsel.

d.     Accolade to pay Service Awards not to exceed $1,000 for each named Plaintiff.

8.     The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9.     Notice of the Final Approval Hearing, the proposed application for attorneys' fees, costs, and expenses, and the proposed Service Award payments to the Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program proof of Notice has been filed with the Court.

10.     The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

11.     As of the final date of the Opt-Out Period (May 23, 2019), 0 potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement.

3

12.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     Pursuant to the Settlement Agreement, Accolade, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

14.     Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Accolade and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all past, present, and future claims, causes of action, counterclaims, lawsuits, rights, demands, charges, complaints, actions, obligations, or liabilities under any legal or equitable theory, whether known, unknown, suspected, or unsuspected or capable of being known or suspected, and whether, accrued, unaccrued, matured, or not matured, including but not limited to, negligence; negligence per se; breach of fiduciary duty; breach of contract; breach of implied contract; violations of any state consumer protection statute; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning, or arising out of the Data Disclosure and alleged disclosure and compromise of any Settlement Class Member's personally identifiable information or any other allegations, facts, or circumstances described in the Action or the Complaint.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement.

4

15. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

16. In accordance with Fed. R. Civ. P. 23, this Final Order and Judgment resolves all claims against all parties in this action is a final order. There is no just reason to delay the entry of final judgment in this matter and the Clerk is directed to file this Order as the final judgment in this matter.

17. Plaintiffs filed an uncontested Motion for Attorneys' Fees (Doc. No. 32) requesting that this Court award Class Counsel $300,000 in attorneys' fees; $5,000 for the reimbursement of reasonable costs and expenses; and service awards of $1,000 for both class representatives. The Court finds Plaintiffs' requests reasonable and awards:

    a. Class Counsel $300,000 in attorneys' fees;

    b. $5,000 for reimbursement of costs and expenses to Class Counsel; and

    c. Service Awards of $1,000 to the two class representatives.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE